IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:22-CR-00012 (WLS-TQL) |
| | : |
| JAIME LOZANO-VALLES, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

# ORDER

Before the Court is a "Joint Motion for Continuance" filed by the Parties in the above-styled action on June 14, 2022. (Doc. 25.) Therein, the Parties request that this Court continue to the next available trial term. (*Id.*) Defendant Lozano-Valles was indicted on a four-count indictment on March 8, 2022. (Doc. 1.) He was arraigned before the Honorable Magistrate Judge Thomas Q. Langstaff on April 19, 2022. (Doc. 12.) In support of their request to continue, the Parties explain though discovery has been provided, "there have been some difficulties" in opening and reviewing some of the electronic files, hindering Defendant Lozano-Valles' ability to review and confirm that all discovery "has been made available." (*Id.*) The Parties contend that additional time is needed to allow for the complete review of discovery, assess the need for any additional discovery, assess the need for any pretrial motions, and to engage in plea negotiations. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the

defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

Based on the Parties' stated reasons, the Parties' "Joint Motion for Continuance" (Doc. 25) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny the Defendant necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. The Court also finds that the need for this continuance outweighs the public and the Defendant's best interest in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). It is **ORDERED** that the case is **CONTINUED** to the November trial term in Valdosta, Georgia, which begins November 7, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the November 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). The Court hereby informs the parties that no further continuances shall be granted in this case except as to prevent manifest injustice.

**SO ORDERED**, this 15th day of June 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**