IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:22-CR-00012 (WLS-TQL) |
| | : |
| JAIME LOZANO-VALLES, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Before the Court is a "Motion for Continuance in the Interest of Justice" filed by Defendant Lozano-Valles in the above-styled action on September 14, 2022. (Doc. 30.) Therein, Defendant requests a continuance to the next trial term. (*Id.* at 1.) The Court notes for the purposes of the record that this is the third Motion for Continuance that has come before the Court. (Docs. 21; 25; 30).

Defendant was indicted on a four-count indictment on March 8, 2022. (Doc. 1.) He was arraigned before United States Magistrate Judge Thomas Q. Langstaff on April 19, 2022. (Doc. 12.) On April 19, 2022, Defendant entered a plea of not guilty. (Doc. 14.) Defendant was ordered detained on April 19, 2022. (Doc. 15.)

In support of his request to continue, Counsel for Defense explains that more time is needed to go through the voluminous discovery, which includes "a large number of audio and video recordings, numerous text message threads, as well as lab reports." (Doc. 30, at 2.) As a result, Counsel has not been able to fully review all materials with Defendant since the departure of Defendant's first attorney. (Doc. 30, at 2.) Counsel also notes that Government does not oppose the Motion, so there should be no prejudice to Government. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a

continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

Based on the foregoing reasons, Defendant's "Motion for Continuance" (Doc. 30) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny the Defendant necessary preparations for trial and would likely result in a miscarriage of justice. The Court also finds that the need for this continuance outweighs the public and the Defendant's best interest in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B).

It is **ORDERED** that the case is **CONTINUED** to the February trial term in Valdosta, Georgia, which begins February 6, 2023, or as may otherwise be ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the February 2023 Trial Term is **EXCLUDED** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). The Court hereby informs the parties that no further continuances shall be granted in this case except as to prevent manifest injustice or a miscarriage of justice.

**SO ORDERED**, this 16th day of September 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**